833 F.2d 1022
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
William A. HAHN, Appellant,
v.
UNITED STATES, Appellee.
 No. 87-1321
 United States Court of Appeals, Federal Circuit.
 October 2, 1987.
 
 Before PAULINE NEWMAN, Circuit Judge, BALDWIN, Senior Circuit Judge, and ARCHER, Circuit Judge.
 PER CURIAM.
 
 DECISION
 
 1
 The United States Claims Court, Case No. 750-86C, dismissed William A. Hahn's (appellant) complaint for failure to state a claim within its jurisdiction. We affirm.
 
 OPINION
 
 2
 Appellant filed a complaint on behalf of himself and others similarly situated, alleging that the United States Department of the Treasury, United States Mint, had 'breached its contract with him and acted in bad faith with regard to the Statue of Liberty-Ellis Island Commerative Coin Program.'
 
 
 3
 Appellant submitted a timely mail order for United States Liberty Coin sets pursuant to receipt of a personally addressed solicitation from the United States Mint. Each set included one five dollar gold coin. The order was placed in accordance with instructions enclosed in the solicitation, and payment was duly arranged from a credit card account. The United States Mint, however, did not enter the order, but returned it with an explanation that gold coins had been 'sold out' and complete sets were no longer available.[1] Fulfilling his order, the United States Mint stated, would require exceeding the legislatively authorized mintage limit of 500,000 coins.
 
 
 4
 Appellant's assertion here, as before the Claims Court, is that the United States Mint is obligated under theories of express and implied contract to fulfill his order. He argues that his act of placing the mail order constituted an acceptance of an offer extended by the United States Mint and that an implied-in-fact contract to process and fulfill orders was created.
 
 
 5
 The Claims Court issued an unpublished order dismissing the matter, finding that no contract had been formed. On the basis that (1) the United States Mint was authorized under the Statue of Liberty-Ellis Island Commemorative Coin Act (Pub. L. No. 99-61, 99 Stat. 113, 114 (1985)) to issue no more than 500,000 coins and, (2) at the time appellant's order was processed the limit had been reached, the Claims Court determined that fulfillment of appellant's order would have been beyond the scope of authority of the Secretary of the Treasury. The Claims Court then concluded that 'no contract can exist with the Federal Government when a government official acts beyond the scope of his authority.' We extend that reasoning to conclude that the actions of the United States Mint did not create an offer which appellant had the power to accept.[2]
 
 
 6
 An offer to contract must embody an intent in the offeror to be bound to the bargain without reservation to reconsider the bargain. See Primary Metal and Mineral Corp. v. United States, 556 F.2d 507, 510 (Ct. Cl. 1977). In accordance with the reasoning of the Claims Court, the legislated limitations on unlimited coinage would preclude an intent on the part of the United States Mint to allow prospective customers to control the power of acceptance.
 
 
 7
 Furthermore, it is long established doctrine that advertisements and solicitations are preliminary invitations which create no power of acceptance in the recipient. In some exceptional situations an offer may be communicated through an advertisement, but the text of the materials here did not so indicate. Present in the mailing was a statement indicating that the order was subject to acceptance by the United States.
 
 
 8
 Absent the requisite intent to extend an offer, there is no basis to support appellant's contention of an express contractual duty or his parallel argument of an implied contract for processing appellant's order.
 
 
 9
 Accordingly, appellant has not carried his burden of demonstrating a claim cognizable under the jurisdiction of the Claims Court, and dismissal of the complaint was appropriate.
 
 
 
 [1]
 The order was returned with an apology and with information on reorder of partial sets, minus the gold coin
 
 
 [2]
 The Claims Court decision rested on the premise that an obligation to sell beyond the 500,000 would have been unenforceable. It was not determined specifically that acceptance rested with the United States before a contract could be formed